UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBIN SIMON FISHER,

                        Plaintiff,

              -against-

INTERNATIONAL STUDENT EXCHANGE,
INC., a California Not-for-Profit Corporation;
STUDENT MANAGEMENT GROUP, INC., a
New York For-Profit Corporation; and
THEODORE R. PREISS, an Individual,

                       Defendants.

-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★   AUG 07 2014   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 13-6519

(Wexler, J.)

APPEARANCES:

    LAW OFFICE OF ERIN OLSON, P.C.
    BY:   ERIN K. OLSON, ESQ.
    Attorney for Plaintiff
    2014 NE Broadway Street
    Portland, Oregon 97232

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    BY:   DANIEL L. KURTZ, ESQ.
           HEIDI B. GOLDSTEIN, ESQ.
           MOLLIE KORNREICH, ESQ.
    Attorneys for Defendants International Student Exchange, Inc. and Student Management
    Group, Inc.
    Four Times Square
    New York, New York 10036

    JASPER SMITH LACNY P.C.
    BY:   CYNTHIA K. SMITH, ESQ.
    Attorneys for Defendant Theodore R. Preiss
    202 West Spruce Street
    P.O. Box 7785
    Missoula, Montana 59807

WEXLER, District Judge:

This case involves a German exchange student who alleges that the father in the host family with which he was placed sexually abused him. After returning to Germany, Plaintiff commenced the within diversity action, asserting causes of action for battery, negligence and breach of contract. Now before the Court are the Defendants' motions to dismiss Plaintiff's Complaint for failure to state a claim, improper venue and lack of personal jurisdiction. In the alternative, Defendants seek to have this action transferred to the District of Montana where the alleged sexual abuse occurred. For the following reasons, Defendants' motions are granted in part and denied in part and the Clerk of the Court is directed to transfer this action to the District of Montana.

## BACKGROUND

Plaintiff, Robin Simon Fisher ("Fisher"), is a German citizen who, while a minor in 2011, enrolled in a foreign student exchange program here in the United States, which was run by Defendant International Student Exchange, Inc. ("ISE"). (Compl. ¶¶ 3, 5, 7-9.) Defendant Theodore R. Preiss ("Preiss") and his family were approved by ISE to serve as Plaintiff's host family in Belgade, Montana. (Compl. ¶ 9-10.) Plaintiff moved into the Preiss's home on September 2, 2011. (Compl. ¶ 10.)

Plaintiff alleges that on December 23, 2011, when he was sixteen years old and residing in the Preiss home as part of the exchange student program, Preiss subjected Plaintiff to unwanted sexual contact. (Compl. ¶ 14.) That evening, Plaintiff contacted Ashley Pulsipher ("Pulsipher"), the Area Representative assigned by ISE to supervise and monitor Plaintiff's

placement with the Preiss family. (Compl. ¶¶ 29, 31.) Plaintiff advised Pulsipher that there were private issues that he urgently needed to discuss with her, in person, as soon as possible. (Compl. ¶ 31.)

Plaintiff met with Pulsipher on December 26, 2011 and reported Preiss's sexual abuse. (Compl. ¶ 32.) Pulsipher immediately contacted her supervisor, Area Manager Carol Toews ("Toews"), who in turn called ISE's corporate headquarters in New York. (Compl. ¶ 32.) On December 27, 2011, Toews, following instructions from ISE's New York office, contacted the Child and Family Services Division of the Montana Department of Public Health and Human Services and notified them of Plaintiff's report of sexual abuse. (Compl. ¶ 33.) That same day, ISE's corporate office in New York notified the United States Department of State of Plaintiff's report of sexual abuse. (Compl. ¶ 35.)

Plaintiff left Montana to return to Germany on December 27, 2011. (Compl. ¶ 34.) The District Attorney's Office for Gallatin County, Montana declined to prosecute Preiss. (Compl. ¶ 40.)

Plaintiff commenced the within diversity action on November 22, 2013. Defendant Preiss, a citizen of Montana, now moves to dismiss Plaintiff's Complaint as alleged against him for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendants ISE and Student Management Group, Inc. ("SMG"), who is alleged in the Complaint to be the "alter ego" of ISE, move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, as well as pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In the alternative, all Defendants seek to have this action transferred to the District of Montana, pursuant to 28 U.S.C. § 1404.

## DISCUSSION

I.  Personal Jurisdiction Over Defendant Preiss

   A.  Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. See Villanova v. Harbilas, No. 08 Civ. 10448, 2010 U.S. Dist. LEXIS 37797, at *6 (S.D.N.Y. Apr. 12, 2010) (citing In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam)). Where, as here, the Court is only considering the pleadings and affidavits on the motion to dismiss, "the plaintiff need only make a prima facie showing" that jurisdiction exists. Villanova, 2010 U.S. Dist. LEXIS 37797, at *6 (quoting CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986)); see also O'Keefe v. Blue & Gold Fleet L.P., 634 F. Supp. 2d 284, 285 (E.D.N.Y. 2009). In addition, the Court "must construe all of the allegations in the light most favorable to the plaintiff, and the plaintiff need only plead good faith allegations of fact that, if credited, would support jurisdiction over the defendant." O'Keefe, 634 F. Supp. 2d at 285 (citing Witaker v. Am. Telecasting, Inc., 261 F.3d 491, 495 (2d Cir. 2001)). In deciding a motion to dismiss for lack of personal jurisdiction, a court may rely upon materials outside of the pleadings. See Villanova, 2010 U.S. Dist. LEXIS, at *6-7.

"The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located." O'Keefe, 634 F. Supp. 2d at 286 (quoting Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006)) (additional citation omitted); see also Villanova, 2010 U.S. Dist. LEXIS 37797, at *7 ("Personal jurisdiction may be exercised over any defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district

courts is located."). Here, the Court must look to New York's long-arm statute, N.Y. C.P.L.R. 302(a), to determine whether the defendant, a resident of Montana, is subject to personal jurisdiction in New York. See O'Keefe, 634 F. Supp. 2d at 286 (citing Whitaker, 261 F.3d at 209) (additional citation omitted). "If the exercise of jurisdiction is appropriate under [New York's long-arm statute], the court must decide whether such exercise comports with the requisites of due process." O'Keefe, 634 F. Supp. 2d at 286 (quoting Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)) (alteration in original); see also Villanova, 2010 U.S. Dist. LEXIS 37797, at *7 ("If plaintiff is able to establish a factual predicate for jurisdiction under the laws of the forum state . . . then the court must consider whether the exercise of jurisdiction violates due process."). Where the plaintiff fails to establish a basis for asserting jurisdiction over the defendant, however, the Court need not engage in the constitutional analysis. See O'Keefe, 634 F. Supp. 2d at 286 (citing Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007)).

B.  Long-Arm Jurisdiction

New York's long-arm statute, which provides jurisdiction over non-domiciliaries, provides that a court may exercise personal jurisdiction over any non-domiciliary who inter alia transacts any business within the state or contracts anywhere to supply goods or services in the state. See N.Y. C.P.L.R. § 302(a)(1). Pursuant to C.P.L.R. 302(a)(1), a non-domiciliary "transacts business" for purposes of long-arm jurisdiction when he "purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefit and protections of its laws." Cutco Indus., 806 F.2d at 365 (quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382 (1967)); see also Best Van Lines, 490 F.3d at 246. "Courts look

to 'the totality of the defendant's activities within the forum,' . . . to determine whether a defendant has 'transact[ed] business' in such a way that it constitutes 'purposeful activity . . . .'" Best Van Lines, 490 F.3d at 246 (quoting Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortgage Investors, 510 F.2d 870, 873 (2d Cir. 1975)) (alteration in original); see also Morsy v. Pal-Tech, Inc., No. 07 Civ. 2143, 2008 U.S. Dist. LEXIS 59804, at *12 (S.D.N.Y. Aug. 7, 2008) ("Courts look to the totality of the circumstances to determine whether the defendant has engaged in such purposeful activity . . . ."). In addition, courts "require a 'substantial nexus' between the business transacted and the cause of action sued upon." Morsy, 2008 U.S. Dist. LEXIS 59804, at *12 (quoting Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir. 1996)); see also Best Van Lines, 490 F.3d at 246 ("[A] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York."). "[P]roof of one transaction in New York is sufficient to confer jurisdiction [over a nonresident] as long as the activities of the defendant in question were purposeful and there is a substantial relationship between the transaction and the claim asserted." Weil v. American Univ., No. 07 Civ. 7748, 2008 U.S. Dist. LEXIS 1727, at *17 (S.D.N.Y. Jan. 2, 2008) (quoting Staten Island Hosp. v. Alliance Brokerage Corp. 560 N.Y.S.2d 859, 861 (2d Dep't 1990)) (second alteration in original).

Here, Plaintiff asserts that Defendant Preiss "intentionally contracted with a New York corporation to host a high school student from a foreign country," thus subjecting himself to jurisdiction in the courts of New York. (Pl. Mem. of Law in Opp'n to Def. Preiss Mot. to Dismiss 7.) However, Plaintiff fails to identify any actual contract or transaction of business that

Preiss engaged in. Rather, as the Complaint and Preiss's affidavits make clear, Preiss was solicited in Montana to serve as an unpaid, volunteer host parent for Plaintiff. (Compl. ¶¶ 9-10; Preiss Aff. dated May 23, 2014 ¶¶ 1-2, 6.) There are no allegations that Preiss received anything in return for his agreement to host Plaintiff in his home nor that he signed any binding agreement with ISE.

Notwithstanding the foregoing, Plaintiff attempts to argue that the Host Family Application and the Host Parent Handbook constitute a contract between Preiss and ISE. However, Plaintiff fails to cite any case law to support his argument. Nor has the Court's independent research produced any. Rather, a contract is defined under New York law has "an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." Kowalchuk v. Stroup, 873 N.Y.S.2d 43, 46 (1st Dep't 2009) (citing 22 N.Y. Jur. 2d, Contracts § 9.) A key element missing here is consideration. As set forth above, Preiss received no compensation for his agreement to house Plaintiff. As such, there was not a valid, enforceable contract between Preiss and ISE.

Moreover, even if the Court applies the factors enumerated by the Second Circuit in Sunward Electronics, Inc. v. McDonald, 362 F.3d 17 (2d Cir. 2004) to determine whether an out-of-state defendant transacts business in New York, as Plaintiff urges it to do, the result is still the same. In Sunward, the Second Circuit stated that the following factors should be considered in determining whether an out-of-state defendant has transacted business in New York for long-arm jurisdiction purposes:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a

> contract with a New York business, the defendant visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; (iv) whether the contract requires [defendants] to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

Id. at 22 (citing Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996)).

As set forth above, there was never a valid, enforceable contract between Preiss and ISE. Nor was there any identifiable transaction of "business." Instead, Preiss provided Plaintiff with a place to reside without receiving anything in return. Accordingly, the first factor is inapplicable. With respect to the second factor, since there is no contract, it could not have been negotiated or executed in New York. In addition, as Preiss states in his affidavit, he has not been to New York since approximately 2007. (Preiss Aff. dated Mar. 17, 2014 ¶ 8.) Nor did he communicate with anyone in New York with regard to hosting a foreign exchange student. (Preiss Aff. dated May 23, 2014 ¶ 4.) Therefore, the second factor is inapplicable as well. Moreover, because there is not a contract, there can be no choice-of-law clause, making the third factor inapplicable. Finally, the only factor that Plaintiff even attempts to argue is applicable here is the fourth one - whether Preiss agreed to be supervised by a New York corporation. While Preiss's hosting of Plaintiff was supervised and coordinated by a New York corporation, the affidavits and Complaint demonstrate that any real day-to-day supervision was conducted by Pulsipher and Toews in Montana. Accordingly, the Court finds the limited applicability of this factor insufficient to confer long-arm jurisdiction over Preiss.

Finally, it is undisputed that Preiss is both a resident of and employed in the state of

Montana. (Preiss Aff. dated Mar. 17, 2014 ¶¶ 1, 3.) While Preiss was once a resident of New York, it is further undisputed that he moved from the state more than twenty years ago, in 1992, well before the events at issue herein occurred. (Id. ¶ 4.) Preiss does not own any real property in New York; nor has he traveled to New York since 2007. (Id. ¶ 8.) To find long-arm jurisdiction under C.P.L.R. 302(a)(1), "there must be some transaction attributable to [the defendant] which occurs in New York." Penn Group, LLC v. Slater, No. 07 Civ. 729, 2007 U.S. Dist. LEXIS 50651, at *30 (S.D.N.Y. June 13, 2007) (quoting Ferrante Equip. Co. v. Lasker-Goldman Corp., 26 N.Y.2d 280, 284 (1970)). Plaintiffs have failed to satisfy this requirement.

As "New York courts have cautioned . . . defendants, as a rule, should be subject to suit where they are normally found . . . or where they conduct substantial business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact." E-Z Bowz, 2003 U.S. Dist. LEXIS 15256, at *20 (quotation omitted). This is not such a case.

For the foregoing reasons, the Court finds that Preiss is not subject to personal jurisdiction in New York. Accordingly, Preiss's motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), is granted.

II. <u>Venue</u>

    A. <u>Legal Standard</u>

On a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court applies the same standard of review as a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353,

355 (2d Cir. 2005). While "the plaintiff bears the burden of establishing that venue is proper," Cold Spring Harbor Lab. v. Ropes & Gray LLP, 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011) (quoting French Transit v. Modern Coupon Sys., 858 F. Supp. 22, 25 (S.D.N.Y. 1994)), "[i]f the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue]." Gulf Ins. Co., 428 F.3d at 355 (quoting CutCo Indus. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986)) (alteration in original).

The decision whether to dismiss an action for improper venue is committed to the Court's sound discretion. See Cold Spring Harbor Lab., 762 F. Supp. 2d at 551 (citing Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993)). In determining whether venue is proper, the court "must view all facts in the light most favorable to the plaintiff." Cold Spring Harbor Lab., 762 F. Supp. 2d at 551 (citing Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007)). Accordingly, "the Court must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." Matera v. Native Eyewear, Inc., 355 F. Supp. 2d 680, 681 (E.D.N.Y. 2005)).

  B. <u>Disposition of the Motion</u>

28 U.S.C. § 1391 provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff asserts that venue is proper here under subsection two. (Compl. ¶

24.)

The Second Circuit has instructed that venue may be proper "in multiple judicial districts as long as 'a substantial part' of the underlying events took place in those districts." Gulf Ins. Co., 417 F.3d at 356 (quoting Bates v. C&S Adjusters, 980 F.2d 865, 867 (2d Cir. 1992)). However, the Circuit has "caution[ed] district courts to take seriously the adjective 'substantial.'" Gulf Ins. Co., 417 F.3d at 357. Because the venue statute must be construed strictly, id. at 357 (citing Olberding v. Illinois Cent. R.R., 346 U.S. 338, 340 (1953)), "for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Gulf Ins. Co., 417 F.3d at 357.

Accordingly, when a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, the court should engage in a two-part inquiry: (1) "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims," and (2) "determine whether a substantial part of those acts or omissions occurred in the district where [the] suit was filed." Daniel v. Am. Bd. of Emer. Med., 428 F.3d 408, 432 (2d Cir. 2005) (citing Gulf Ins. Co., 417 F.3d at 357). 'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." Cold Spring Harbor Lab., 762 F. Supp. 2d at 553 (quoting Daniel, 428 F.3d at 432-33).

Here, with respect to the first prong of the foregoing inquiry - namely, the nature of the claims - the causes of action set forth in Plaintiff's Complaint center around the alleged sexual abuse of Plaintiff by Preiss and ISE's failure to protect Plaintiff, all of which occurred in Montana. While ISE's corporate headquarters are located in New York, the primary

representatives of ISE responsible for monitoring Plaintiff were Pulsipher and Toews, both of whom were located in Montana during the events giving rise to this action.[1]

Based on the foregoing, the Court finds that venue is improper here since the significant events pertinent to Plaintiff's claims herein took place in Montana, not New York. Accordingly, Defendants ISE's and SMG's motion to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), is granted.

III. <u>Transfer</u>

Although ISE, SMG and Preiss urge the Court to dismiss this action outright, all Defendants alternatively request that the action be transferred to the District of Montana, primarily for the convenience of witnesses and the location of evidence. Where, as here, the Court finds that venue is improper, it may "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether transfer is appropriate lies within the sound discretion of the district court. See <u>Minnette</u>, 997 F.2d at 1026.

Here, the Court finds that the interests of justice warrant transfer to an appropriate forum rather than an outright dismissal. As set forth above, the significant events and omissions underlying this action all took place within the District of Montana. Moreover, Defendant Preiss is a resident of the District of Montana. In addition, Defendants ISE requests that this action be transferred to Montana, even though it, and many of its employees, are located in New York.

---

[1] While Toews appears to still reside in Montana, Pulsipher has since moved. (Bonomo Decl. ¶¶ 7, 9.) As of March 15, 2013, Pulsipher resided in Illinois. (Olson Decl. ¶ 15.)

ISE's Program Manager, William Bonomo, has represented to the Court that those few ISE employees located in New York that are needed to testify at the trial in this action will cooperate with any action that proceeds in Montana. (Bonomo Decl. ¶ 14.) Accordingly, based on the record presented, there would be no personal jurisdiction issues in the District of Montana and venue is therefore proper in that district.

Moreover, Plaintiff has offered no compelling reason as to why this action should remain in New York. Plaintiff is a citizen of Germany and currently resides there. Accordingly, Plaintiff - and his witnesses - will have to travel regardless of where the trial of this action takes place. The primary reason asserted in Plaintiff's opposing papers is that his choice of forum should be respected and that New York is more convenient to travel to than Montana. According to Plaintiff, his "convenience favors a more central location, as well as a more cosmopolitan one." (Pl. Mem. of Law in Opp'n to Def. Preiss Mot. to Dismiss 19.) The Court is confused as to why a more "cosmopolitan" location is necessary for a trial of this action. The District of Montana is a federal court completely capable of adjudicating this action. While Plaintiff is correct that his choice of forum is traditionally entitled to substantial deference, "[t]he case law recognizes that a plaintiff's choice of forum is accorded less weight . . . when that forum is neither the [plaintiff's] home nor the place where the operative facts of the action occurred." Hall v. South Orange, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2009) (citation and internal quotation marks omitted).

Finally, the majority of the witnesses identified by the parties as needed to testify at any trial in this action are located in Montana. "Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district." Viacom Int'l, Inc.

v. Melvin Simon Prods., Inc., 774 F. Supp. 858, 868 (S.D.N.Y. 1991) (quoting Computer Horizons Corp. v. Knauer, 483 F. Supp. 1272 (S.D.N.Y. 1980)).

The Court notes that dismissal of this action would be entirely appropriate here given the improper venue. However, dismissal would require Plaintiff to file a new action in the District Montana, while "transfer will allow this action to proceed in that forum and lead to [an] adjudication on the merits." Fedele v. Harris, No. 13-cv-6368, 2014 U.S. Dist. LEXIS 64515, at *24 (E.D.N.Y. May 9, 2014) (citation omitted). Therefore, the Court finds that transferring the within action to the District of Montana furthers the interests of justice and is therefore appropriate under 28 U.S.C. § 1406.

Based on the foregoing decision to transfer venue, the Court declines to address that portion of ISE's and SMG's motion that seeks a dismissal of the Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court finds that it does not have personal jurisdiction over Defendant Theodore Preiss and that venue is not proper in this district. Defendants' motions to dismiss Plaintiff's Complaint are therefore granted, without prejudice, and the Clerk of the Court is directed to transfer this action to the District of Montana. The Court declines to address that portion of Defendants ISE's and SMG's motion that seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

SO ORDERED:

Dated: Central Islip, New York
       August 7, 2014

                                        LEONARD D. WEXLER
                                        United States District Judge